**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIANE SACCOMANDI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DELTA AIRLINES INC., ET AL | : | NO. 08-1434 |
| | : | |

**<u>MEMORANDUM</u>**

**Baylson, J.**                                                                      **July 18, 2008**

The issue before the Court is whether Plaintiff may remand this action to state court

following Defendants' removal of the case to federal court on the basis of diversity jurisdiction,

pursuant to 28 U.S.C. §§ 1332 and 1441.  Plaintiff moves to remand this matter to the

Pennsylvania Court of Common Pleas pursuant to 28 U.S.C. § 1447.  The Court finds that

diversity jurisdiction exists between the parties and that there are no grounds to remand this case

to state court.

**I.       <u>Background</u>**

According to the Complaint, Plaintiff, Diane Saccomandi, ("Plaintiff" or "Saccomondi"),

a Northwest Airlines employee, was injured on the job by a piece of equipment called the DPL

99.  The DPL 99 is designed to lift and aid disabled passengers in their transition from the

airplane to the airport terminal.  Plaintiff claims that on November 14, 2005, she was working

closely with the DPL 99 at the Philadelphia International Airport when the equipment struck her

on the head, causing her to fall to the ground.

Plaintiff brought an action in state court against Delta Airlines, Inc. ("Delta Airlines"),

Delta Global Services ("DGS"), DAL Global Services A/K/A Delta Global Services ("DAL"),

Airport Maintenance Services Pty Ltd, Airport Maintenance Services, Airport Maintenance

Services Ltd, Harvaire Inc. ("Havaire"), and HAI Aviation Services Division ("HAI"),

demanding recovery against all Defendants under theories of negligence, strict products liability,

and breach of warranty.

Plaintiff commenced this lawsuit by filing a Writ of Summons upon all Defendants on

November 7, 2007.  Plaintiff filed her Complaint in this action in the Pennsylvania Court of

Common Pleas on or about February 25, 2008.  Defendants DAL Global Services and Delta

Airlines filed a Notice of Removal to Federal Court.  (Doc. No. 1).  Defendants Havaire Inc.,

HAI, and Airport Maintenance Services Pty Ltd consented to this removal in writing.  (Doc. No.

1, Exs. C and D).  Plaintiff filed a Motion to Remand (Doc. No. 11) and Defendants DAL and

Delta Airlines responded (Doc. No. 15).  Defendant Havaire also filed a Brief in Response to

Motion to Remand.  (Doc. No. 16).

Plaintiff's Complaint lists Airport Maintenance Services Pty Ltd, Airport Maintenance

Services, and Airport Maintenance Services Ltd as three separate parties.  The state court records

indicate, however, that only Airport Maintenance Services Pty Ltd was served by Plaintiff with

Plaintiff's original Complaint.  All three of these entities are listed on the Eastern District of

Pennsylvania Docket, but only Airport Maintenance Services Pty Ltd is represented by counsel.

## II.    Legal Standards

Federal district courts have jurisdiction over cases where the matter in controversy

exceeds the sum or value of $75,000, and there exists complete diversity between citizens of

different states.  28 U.S.C. § 1332(a).  "Lack of subject matter jurisdiction voids any decree

entered in a federal court and the continuation of litigation in a federal court without jurisdiction would be futile." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987); Dunson v. McNeil-PPC, Inc., 346 F. Supp. 2d 735, 737 (E.D. Pa. 2004). Thus "[i]f the court determines that it lacks federal subject matter jurisdiction, then remand is mandatory." Apoian v. Am. Home Prods., Corp., 108 F. Supp. 2d 454, 455 (E.D. Pa. 2000). "Any civil action to which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Federal "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth., 809 F.2d at 1010. In Brown v. Francis, 75 F.3d 860 (3d Cir. 1996), the Third Circuit interpreted "all doubts" to mean that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." Id. at 865. The "removing party bears the burden of proving the existence of federal subject matter jurisdiction." Apoian, 108 F. Supp. 2d at 455.

Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d. Cir. 1993).

### III.   Parties' Contentions

The parties' dispute comes down to the existence, or lack thereof, of DGS, Airport Maintenance Services and Airport Maintenance Services Ltd, parties named as a Defendants in

Plaintiff's Complaint.  Plaintiff claims that DGS is an existing business entity which has its principal place of business in Pittsburgh, PA, and under 28 U.S.C. § 1441(b), actions not involving a federal question can be removed to federal court only if none of the parties properly joined is a citizen of the state in which the action is brought.  Also, all defendants in an action must consent to removal but Plaintiff notes that DGS has not filed any notice of such consent. Plaintiff adds that Airport Maintenance Services and Airport Maintenance Services Ltd, two parties named in her original Complaint, have also not consented to removal.  It is Plaintiff's position therefore that this case must be returned to the Court of Common Pleas.[1]

Defendants claim that there are no entities presently known as DGS, Airport Maintenance Services, or Airport Maintenance Services Ltd.  Defendants contend that DGS's name changed in May 2000 to Delta Airlines Global Services, Inc.  In January, 2004, Delta Airlines Global Services underwent a change in corporate form and became DAL Global Services, LLC, a party named in this action, referred to in this memorandum as DAL.  DAL is incorporated in Delaware with its principal place of business in Georgia.  To support their position, Defendants offer the declaration of Lawrence Wexler, Chief Counsel for DAL.  (Doc. No. 15-3).  Mr. Wexler states that DGS and DAL are the same entity and that it is incorporated in Delaware with a principal place of business in Georgia.  Defendants also contend that the parties listed in Plaintiff's Complaint as Airport Maintenance Services and Airport Maintenance Services LTD do not exist.

Plaintiff counters that DGS does still exist and as proof, she offers the fact she successfully served DGS with her Writ and Complaint.  Defendants claim that DAL's acceptance

---

[1] Although Plaintiff's original complaint filed in the Court of Common Pleas only claimed that she was entitled to damages in excess of $50,000, Plaintiff does not dispute that the amount in controversy exceeds $75,000.  (Doc. No. 11 at 1).

of papers on behalf of DGS is not proof that DGS exists.  Defendant offers the declaration of

Erica Gerginske (Doc. No. 15-4) a customer services representative for Delta Airlines at the

Pittsburgh International Airport who personally received Plaintiff's complaint on December 12,

2007.  Gerginske states that she was handed a large envelope with 8-10 pages in them by person

whom she believed to be a police officer.  She was not asked if she worked for DGS, nor was she

required to sign any receipt.  She states that she believed the papers were related to her employer,

DAL, and placed them in the mailbox of the General Manager.

Plaintiff also questions the right of Havaire and HAI to consent to removal of this action

because they filed Preliminary Objections to Plaintiff's claim in state court two days before the

Notice of Removal was filed before this Court.  Plaintiff contends that Havaire and HAI are

trying to litigate this matter in both state and federal court.  Havaire counters that filing

Preliminary Objections in state court does not waive its right to remove the case to federal court.

## IV.    <u>Discussion</u>

There is no doubt that DGS no longer exists as a separate entity.  Defendants have offered

persuasive evidence that DGS is now DAL, which is neither incorporated in, nor has its principal

place of business in Pennsylvania.  Plaintiff's contention that DGS's acceptance of service

proves its existence is refuted by the Declaration of Erica Gerginske.  (Doc. No. 15-4).

Plaintiff offers no evidence that the entities named in her Complaint, Airport

Maintenance Services and Airport Maintenance Services LTD, actually exist.  It does not appear

that these alleged entities were ever served with her Complaint and, according to the docket, they

are not represented by counsel.  The Court concludes that these are fictitious entities.  Therefore,

Plaintiff's argument that removal is improper because DGS, Airport Maintenance Services and

Airport Maintenance Services LTD did not consent to removal fails because Defendants cannot seek the consent of an entity that does not exist.  <u>See Southwick v. Yale Materials Handling Corp & Ind. Trucks, Inc.</u>, 1997 WL 381771 *1 (E.D.Pa. June 27, 1997) ("Each consenting defendant must either sign a Notice of Removal, file its own Notice of Removal or file a written consent or joinder to the original Notice with the Court").

Plaintiff's claim that Havaire and HAI have somehow waived their right to remove this action by filing Preliminary Objections in state court is similarly without merit.  <u>See</u> <u>Haun v. Retail Credit Co.</u>, 420 F. Supp. 859, 863 (W.D.Pa. 1976) ("Preliminary conduct by a defendant short of his actual litigation of the merits or his voluntary invocation of state court jurisdiction for his own purposes does not constitute a waiver of his right to remove.")

The Court therefore concludes that this matter has been properly removed to federal court and shall not be remanded to the Pennsylvania Court of Common Pleas.

**V.**    <u>**Conclusion**</u>

For the foregoing reasons, the Court dismisses Plaintiff's Motion to Remand (Doc. No. 11).   An appropriate order to follow.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DIANE SACCOMANDI                      :         CIVIL ACTION
                                      :
            v.                        :
                                      :
DELTA AIRLINES INC., ET AL            :         NO. 08-1434


<u>ORDER</u>

<u>      </u>And now this        day of July, 2008, for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that Plaintiff's Motion to Remand (Doc. No. 11) is

DENIED.




                                              BY THE COURT:


                                              <u>/s/ Michael Baylson</u>
                                              Michael M. Baylson, U.S.D.J




A:\08-1434 Memo re motion to remand.wpd