IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLYVANIA

| | | |
|---|---|---|
| DIANE SACCOMANDI, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 08-1434 |
| DELTA AIRLINES, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**Baylson, J.**  **August 21, 2008**

**I.      Introduction**

Plaintiff, Diane Saccomandi, brings an action for negligence, strict product liability and breach of warranty against Defendants Delta Air Lines, Inc., Delta Airlines, Inc., Delta Global Services, DAL Global Services, Airport Maintenance Services Pty Ltd., Airport Maintenance Services, Airport Maintenance Services, Ltd., Harvaire, Inc., and HAI (Aviation Services Division).  For each cause of action, Plaintiff seeks damages in excess of $50,000 dollars plus costs.

Presently before the Court is Defendants Harvaire and HAI's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court will deny the motion.

**II.     Factual and Procedural Background**

According to the Complaint, Plaintiff, Diane Saccomandi, ("Plaintiff" or "Saccomondi"), a Northwest Airlines employee, was injured on the job by a piece of equipment called the DPL 99.  The DPL 99 is designed to lift and aid disabled passengers in their transition from the

1

airplane to the airport terminal.  Plaintiff claims that on November 14, 2005, she was working closely with the DPL 99 at the Philadelphia International Airport when the equipment struck her on the head, causing her to fall to the ground.  As a result, Plaintiff claims she sustained serious and permanent injuries.

Plaintiff filed her Complaint on November 9, 2007 in the Philadelphia County Court of Common Pleas.  On March 26, 2008, Defendants Delta Air Lines, Inc. and DAL Global Services LLC, filed a Notice of Removal pursuant to 28 U.S.C. § 1332(a) and § 1441(b) to remove the action to the Eastern District of Pennsylvania.  On July 22, 2008, this Court held the action was properly removed because the amount of controversy exceeds $75,000 and there is complete diversity between the parties.  (Doc. No. 26).

Plaintiff's complaint sets forth three theories of recovery: negligence, strict liability and breach of warranty.  Plaintiff alleges that all Defendants named in the Complaint "manufactured, designed, distributed, supplied and/or sold" the DPL 99 that caused Plaintiff's injuries.  In Count I, Plaintiff asserts negligence against all Defendants in 18 listed ways.  In Count II, Plaintiff asserts all Defendants are strictly liable for her injuries.  Count III alleges Defendants breached the warranty of merchantability because the DPL was not safe for its intended use.

### III. Parties' Contentions

Harvaire and HAI assert that Plaintiff's complaint should be dismissed because it fails to aver any specific facts concerning either Defendant.  Harvaire and HAI assert that Plaintiff refers to them collectively with all other Defendants in each cause of action and only refers to them individually in two paragraphs that simply describe them as business entities with contacts to the state of Pennsylvania.  According to Harvaire and HAI, by referring to them collectively with all

other Defendants, Plaintiff fails to give adequate notice as to how they acted wrongfully or specify any facts which could give rise to a claim against them.

Plaintiff responds that the liberal "notice" pleading standard of Rule 8 is satisfied because Harvaire and HAI were identified in the Complaint as having "manufactured, designed, distributed, supplied and/or sold the DPL 99." Therefore, according to the Plaintiff, the Complaint states sufficient facts as to the nature of Plaintiff's claim against Harvaire and HAI and thus provides them fair notice.

## IV.   Legal Standards

When deciding a motion pursuant to Rule 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d. Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a valid complaint a plaintiff must make a "showing" that is more than just a blanket assertion that he is entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "We caution that without some factual allegation in a complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also 'grounds' on which the claim rests." Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 n. 3 (2007).

## V.   Discussion

Defendants Harvaire and HAI assert that Plaintiff has not given fair notice because she refers to all Defendants collectively throughout her complaint. The Court rejects this argument

and finds the Plaintiff has made a showing she is entitled her to relief in each of her causes of action.

Although Plaintiff does not admit ignorance as to additional facts concerning each Defendant, it is quite possible that Plaintiff does not have the information necessary to distinguish one Defendant from another, and cannot easily obtain it.  However, that is not an adequate reason to dismiss this action at this time.  Pleading against each defendant with particularity to each claim is in fact a heightened pleading standard of Rule 9(b).  Naporano Iron & Metal Co. v. American Crane Corp., 79 F. Supp. 2d 494, 511 (D.N.J. 1999).  The Third Circuit instructs that Rule 8(a) requires that, when stating a claim, the plaintiff need only give "enough factual matter (taken as true) to suggest the required element [of a cause of action]…This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element of a cause of action."  Phillips, 515 F.3d at 233 (internal quotations omitted).

In her Complaint, Plaintiff asserts that Harvaire and HAI, along with all other Defendants, "manufactured, designed, distributed, supplied and/or sold" the DPL 99, the equipment Plaintiff asserts was defective and caused her injuries.  Plaintiff has also identified in the Complaint the equipment that allegedly caused her injuries, the date and place of the incident, and the nature of her injuries sustained.  The Court finds these facts combined with Plaintiff's statement that Harvaire and HAI either manufactured, designed, distributed, supplied and/or sold the equipment allegedly causing her injury, gives Harvaire and HAI fair notice as to the factual matter of Plaintiff's claims.  Thus, Plaintiff is able to plead her claims by referring to Defendants collectively.

4

To support their position, Defendants cite Toberman v. Copas where the Court dismissed the plaintiff's complaint for failure to state a claim upon which relief could be granted.  800 F. Supp. 1239, 1243 (M.D. Pa. 1992).  However, in Toberman, the third party complaint contained "no factual allegations at all" whereas here, the Plaintiff does plead some facts regarding the accident giving rise to her claims, as well as the exact equipment at issue.  Id. (dismissing the plaintiff's claim where the complaint lacked allegations regarding any incident, or the time, date and location of Defendants' apparent breach).   Therefore, the Court finds Toberman distinguishable.

With respect to each individual claim, Plaintiff has made a sufficient showing that she may be entitled to relief.   First, Plaintiff alleges negligence.  The Third Circuit has held that in the context of a negligence claim, "a bare allegation of negligence is sufficient." Sunset Fin. Resources, Inc. v. Redevelopment Group V, LLC, 417 F. Supp. 2d 632, 648 (D.N.J. 2006) (citing Sierocinski v. E.I. du Pont De Nemours & Co., 103 F.2d 843, 843-44 (3d Cir. 1939).  Rather than simply making a bare allegation of negligence – all that is required under Sierocinski – Plaintiff has identified 18 specific acts of negligence.  Providing such detail more than satisfies the liberal pleading requirements of Rule 8(a).  See Abdulaziz v. City of Phila., 2001 WL 818476, at *2 (E.D. Pa. June 26, 2001) (holding the plaintiff's complaint discussing 16 ways defendant was negligent "sufficient to 'give the defendant fair notice' of a negligence claim and the facts which support it").  Further, Plaintiff's pleadings are sufficient to put Harvaire and HAI on notice even though the pleadings charge the Defendants collectively with acting negligently. See Sunset Fin. Resources, Inc., 417 F. Supp. 2d at 649 (holding "it is certainly plausible" that multiple defendants acted negligently in performing their duties); Hoffman v. A.B. Chance Co., 53 F.R.D. 239, 240 (M.D. Pa. 1971) (holding the plaintiff alleging negligence of multiple

defendants is "not logically incompatible"). Therefore, Plaintiff has sufficiently plead her negligence claim to the Court.

Plaintiff alleges strict liability in Count II. The Pennsylvania Supreme Court has adopted the strict products liability doctrine in Section 402A of the Restatement (Second) of Torts. Webb v. Zern, 422 Pa. 424, 430 n.2 (Pa. Super. 1966). To prevail under section 402A, a plaintiff must prove the existence of 1) a product; 2) the sale of a product; 3) to a user or consumer; 4) a defective condition, unreasonably dangerous; and 5) causation. Ettinger v. Triangle-Pacific Corp., 799 A.2d 95, 102 (Pa. Super. 2002). Plaintiff alleges each of these elements in its Complaint; indeed, it lists 37 ways the manufacturing, designing, selling, distributing, maintaining, servicing and/or supplying a DLL was defective and unreasonably dangerous. Since Plaintiff alleges Defendants manufactured, designed, distributed, supplied and/or sold the DPL that allegedly caused her injuries, Harvaire and HAI have been given fair notice as to the product at issue and the factual basis for her claim. Thus, the Court finds Plaintiff's claim of strict liability is sufficiently plead to the Court.

Lastly, the Plaintiff alleges breach of warranty. Plaintiff's cause of action for implied warranty of merchantability requires essentially the same elements as her strict liability action. Gumbs v. International Harvester, Inc., 718 F.2d 88, 95 (3d Cir. 1983). Since the Court has found the Plaintiff properly plead the elements of her strict liability claim, the Court also finds she sufficiently plead the elements to her breach of warranty claim.

Therefore, the Court finds all three counts of Plaintiff's Complaint comply with Rule 8 of the Federal Rules of Civil Procedure, and therefore, will deny Defendants Harvaire and HAI's motion to dismiss.

**VI.   Conclusion**

For the foregoing reasons, Defendants Harvaire, Inc. and HAI's Motion to Dismiss is DENIED.  An appropriate order to follow.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| DIANE SACCOMANDI, : | CIVIL ACTION |
| : | |
| Plaintiff, : | |
| v. : | |
| : | NO. 08-1434 (MMB) |
| DELTA AIRLINES, INC., et al. : | |
| : | |
| Defendants. : | |

## **ORDER**

AND NOW, this     day of August, 2008, it is hereby ORDERED that Defendants Harvaire and HAI's Motion to Dismiss pursuant to Federal Rule of Procedure 12(b)(6) is DENIED.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

A:\08-1431 Saccomondi v. Delta motion to dismiss.wpd